UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Franklin Brown,

    Plaintiff,

vs.  08-3265

IDOC,

    Defendant.

<u>Order Dismissing Complaint Without Prejudice</u>

    The plaintiff has filed a "motion to reply," asking to be transferred from Dixon Correctional Center back to Logan Correctional Center. He states that he transferred to Dixon for a job which has not materialized, and that Dixon is riddled with gangs and drugs. He alleges that he is not safe at Dixon, but he gives no specifics.

    It is not clear that the plaintiff meant to send his "motion to reply" to this court. This is a U.S. District Court for the Central District of Illinois. The plaintiff titles his motion for the "clerk of the circuit court," and also appears to include a case number, so maybe he meant to send this motion to a state court where he has an action pending. He appears to refer to a criminal case in the body of his motion. Maybe he meant to send his motion there.

    However, the court does not want to guess the plaintiff's intentions. The court has directed the clerk to docket the letter as a complaint and to open a case. The complaint will be dismissed without prejudice because it does not give fair notice of any constitutional claims. The plaintiff has no constitutional right to be housed in one prison over another, and the court does not have the authority to order prison officials to transfer the plaintiff to a more preferable prison.

    If the prison officials at Dixon are being deliberately indifferent to a serious risk of harm to the plaintiff, the plaintiff would be able to pursue an Eighth Amendment claim, but a transfer to a better prison would not be the relief available. The relief would be to protect the plaintiff from that specific harm. Further, the complaint does not give fair notice of how the plaintiff is at serious risk of harm or which prison officials are being deliberately indifferent to that risk and how they are being deliberately indifferent.[1] In any event, such a case would not be filed here,

---

[1] General allegations that the prison is dangerous with gangs and drugs does not state a claim that prison officials are being deliberately indifferent to a substantial risk of serious harm to the plaintiff. Actual notice of a specific threat or risk to the plaintiff is necessary. *Case v. Ahitow*, 301 F.3d 605 (7th Cir. 2002)(defendants are liable if they "really knew–not just should

but in the Northern District of Illinois, where the defendants are. *See* 28 U.S.C. § 1391(a). And, to file a civil case in the federal district court the plaintiff must pay the filing fee of $350, or file a petition to proceed *in forma pauperis*. Even if he is allowed to proceed *in forma pauperis*, the entire $350 filing fee must be taken from his prison account in installments until it is paid. 28 U.S.C. § 1915(b)(1). The filing fee will be collected even if the plaintiff's complaint is dismissed. If the plaintiff does file a case it must be dismissed if the plaintiff has not exhausted his administrative remedies, which typically means timely filing a grievance and timely appealing it all the way to the Administrative Review Board. *See* 42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."). Lastly, if the plaintiff files a case and it is dismissed for failure to state a claim, a "strike" will be assessed against him. Once he has three "strikes," he will not be allowed to proceed *in forma pauperis* on civil cases in federal court unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

    IT IS THEREFORE ORDERED:

    1) The plaintiff's complaint is dismissed without prejudice for the reasons above.

    2) If the plaintiff wishes to proceed with this action (if this is indeed an action), he must file an amended complaint by December 19, 2008. If he does not file an amended complaint, this case will be closed and no filing fee or strike will be assessed against him. If the plaintiff does file an amended complaint, he must either pay the $350 filing fee or file a petition to proceed in forma pauperis. If the plaintiff files an amended complaint, he will be responsible for paying the filing fee.

    Enter this  24th day of November 2008.

    **s\Harold A. Baker**

_____
    HAROLD A. BAKER
    UNITED STATES DISTRICT JUDGE

---

have known" of serious danger which could have easily been prevented); *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)(plaintiff's statement to officers that he was "having problems" and needed to be moved did not put sheriff on actual notice of specific risk of sexual assault); *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997)(summary judgment granted to defendants where plaintiff did not specifically seek protection from inmates who assaulted him, even though he had been assaulted before by different inmates).